IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Marcia J. Marion,<br><br>                Plaintiff,<br>   vs.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security Administration,<br>                Defendant. | Civil Action No. 2:16-cv-3285-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed January 30, 2018, recommends the decision of the Commissioner be affirmed. ECF No. 17. On February 13, 2018, Plaintiff filed objections to the Report. ECF No. 18. On February 27, 2018, the Commissioner filed a response to Plaintiff's objections. ECF No. 19. For the reasons stated below, the court adopts the Report as supplemented below and affirms the decision of the Commissioner.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v.*

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

2

*Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## **Background**

Plaintiff applied for DIB on March 20, 2014, alleging disability as of March 7, 2014 due to her rheumatoid arthritis, osteoarthritis, fibromyalgia, high blood pressure, high cholesterol, diabetes, torn left knee meniscus, anxiety, depression, and stress. R[2]. at 87, 99. Plaintiff's application was denied initially and upon reconsideration. On December 2, 2015, a hearing was held before an Administrative Law Judge ("ALJ"). On January 13, 2016, the ALJ issued a decision, finding Plaintiff was not disabled within the meaning of the Act from the alleged onset date through the date of decision. Plaintiff submitted additional information to the Appeals Council, including records from Orthopedic Specialists of Charleston dated March 14, 2016 through April 4, 2016; medical records from St. Francis Hospital Rehabilitation – Spine & Sport Therapy, dated July 2, 2014; a letter from Dr. Sofia Aksentijevich dated March 30, 2016; and a questionnaire completed by Dr. John Graham, Jr., dated April 22, 2016. *See* R. at 3, 5. The

---

[2] Citations to the Record are denoted by "R."

Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action October 3, 2016. ECF No. 1.

**Discussion**

The Magistrate Judge recommends the court affirm the Commissioner's decision. Plaintiff objects to the following findings in the Report: (1) the ALJ properly relied on early predictions by non-examining State agency sources about the duration of Plaintiff's disability and when her functioning would improve; (2) Plaintiff's knee improved sufficient to allow return to sustained work activity; (3) the Appeals Council did not err in failing to meaningfully address the new evidence submitted, and the ALJ's decision is supported by substantial evidence even when this new evidence is considered; and (4) the ALJ correctly evaluated Plaintiff's subjective complaints. ECF No. 18. The Commissioner argues Plaintiff's objections essentially rehash arguments made in her brief before the Magistrate Judge. ECF No. 19.

*1) Opinions of Prospective Improvement*

Plaintiff first argues the ALJ should not have accorded great weight to opinions by two non-examining State agency physicians regarding the likely duration of Plaintiff's inability to work due to arthroscopic knee surgery. ECF No. 18. She argues it was unnecessary for the ALJ to rely on opinions predicting Plaintiff would be capable of work in March 2015, because the hearing was after that date and the ALJ should have relied upon the evidence to determine whether Plaintiff was *actually* capable of returning to work. Because "the ALJ's error significantly colored

her evaluation of residual functional capacity," Plaintiff argues, the court should decline to adopt the Report. *Id.* at 3.

The Magistrate Judge thoroughly discussed this argument in the Report. ECF No. 17 at 10-15. Although Plaintiff argues the ALJ should have determined whether Plaintiff was actually capable of returning to work nearly a year after her arthroscopic knee surgery, it is clear from the Report there was substantial evidence supporting a finding her knee had improved. Medical records noted her knee had improved despite some continued pain, she was able to walk with a normal gait, and was walking 30-45 minutes daily using home exercise equipment. R. at 554, 560, 635. Her activities of daily living, including gardening, cooking, washing dishes, cleaning, shopping for groceries, and caring for her elderly mother weigh against a finding of disability. R. at 30-32, 58-59, 221, 477, 595. Therefore, the ALJ did not consider only the predictive opinions when formulating Plaintiff's residual function capacity ("RFC"), but took into account her functioning after the surgery as well. This objection is overruled.

   *2) Return to Work*

Plaintiff next argues her knee did not improve sufficiently to allow a return to sustained work activity. She contends the ALJ failed to consider her clarifying testimony regarding her reasons for not seeking certain treatment to deal with residual pain after her surgery. Further, she disagrees with the ALJ's assertion her activities of daily living were inconsistent with a disabling impairment.

In terms of clarifying testimony, Plaintiff appears to be referring to her wish to avoid a total joint replacement of her knee as long as possible due to risks associated with surgery and possible

repeat surgery. ECF No. 11 at 23-24; R. at 64-65. The court agrees with Plaintiff that 20 C.F.R. § 404.1530 (regarding refusal of prescribed treatment) may not be applicable, as Plaintiff's physician did not prescribe a total knee replacement but merely recommended she consult with another surgeon about one. However, case authority cited by the Magistrate Judge indicates Plaintiff's failure to schedule an evaluation for additional treatment can negatively affect credibility findings by the ALJ. *See* ECF No. 17 at 16 (citing *Hunter v. Sullivan*, 993 F.2d 31, 36 (4th Cir. 1992) (claimant's failure to follow medical advice or seek treatment supported ALJ's finding claimant's pain was not as severe as claimed); *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (absence of ongoing medical treatment can discredit claimant's allegations)). Therefore, the court finds the ALJ properly weighed Plaintiff's credibility regarding her failure to seek further treatment.

Plaintiff also argues her performance of activities of daily living is not inconsistent with disability, citing *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006) for the proposition the ALJ may be reversed when he or she selectively cited evidence and did not fully account for caveats and qualifications regarding daily activities. ECF No. 18 at 6. In her brief, Plaintiff notes her ability to do housework is limited due to pain (R. at 223) and on one form she indicated she is "not able to do my housework . . . can't stand for long (R. at 248)." ECF No. 11 at 28. These statements conflict with her testimony at the hearing, where she testified she cleans bathrooms, her room, and her mother's room, cooks, and grocery shops, and can stand about three hours in an eight hour day. R. at 58-59, 62. Therefore, this case is distinguishable from *Hines*. This objection is overruled.

6

### 3) *New Evidence*

Regarding Plaintiff's submission of additional evidence to the Appeals Council, Plaintiff argues remand is warranted under *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), because the court cannot assess whether the ALJ's decision remains supported by substantial evidence in light of the additional evidence. ECF No. 18 at 6. Plaintiff states "remand is required unless the evidence at issue is insignificant," and argues her additional evidence was significant and remand is warranted.

The Appeals Council found the newly submitted information "does not provide a basis for changing the Administrative Law Judge's decision." R. at 2. As noted by the Magistrate Judge, the Appeals Council is not required to provide further rationale for denying a request for review. *Meyer*, 662 F.3d at 705-06. Plaintiff argues the new evidence "supplies the specific findings supporting a fibromyalgia decision that the ALJ stressed were missing," and provides evidence of a shoulder impairment meeting the duration requirement for disability. ECF No. 18 at 8.

In the opinion, the ALJ noted Plaintiff testified "[f]ibromyalgia also limits her ability to work." R. at 32. The ALJ also referred to specific medical records providing a fibromyalgia diagnosis treated with medication as tolerated by Plaintiff. *See* R. at 346 (noting "[f]ibromyalgia is her biggest problem, and management is complicated by her intolerance of multiple medications and perceived drug/drug interactions"). The ALJ does note "the record fails to document specific findings regarding this [fibromyalgia] diagnosis." R. at 29. However, the letter from Plaintiff's rheumatologist regarding her fibromyalgia does not fill in much of this gap, mostly focusing on her diagnosis, treatment with medications, and other ailments. While Dr. Aksentijevich does "not believe [Plaintiff] is able to sustain the physical demands of medium exertional work on a regular

basis and a continuing basis," she provides no information regarding what limitations Plaintiff has (lifting, stooping, walking, standing, etc) and attaches no additional treatment notes. Therefore, the letter fails to include specific findings regarding how Plaintiff's fibromyalgia impacts her ability to work. This letter does not provide a basis for changing the ALJ's opinion.

Regarding her shoulder pain, Plaintiff argues the new evidence submitted from Orthopedic Specialists of Charleston "confirms that Ms. Marion's shoulder impairment, confirmed by an MRI in July 2014, which she had complained about consistently prior to the hearing, has persisted." ECF No. 11 at 24. However, these notes are not contemporaneous assessments of Plaintiff's arm and shoulder functioning during the period of alleged disability, and the ALJ was aware Plaintiff had an MRI in June 2014. Because the record, even with the newly submitted information, provides an "adequate explanation of the Commissioner's decision," the court declines to remand.

*4) Subjective Complaints*

Finally, Plaintiff objects to the ALJ's credibility evaluation, arguing the ALJ "erred in multiple ways in evaluating her credibility." ECF No. 18 at 7, 10. Plaintiff argues her treatment was not "conservative," as noted by Dr. Graham and relied upon by the ALJ, because it included both injections and surgery. She also argues she did not perform work in 2015.[3]

---

[3] Plaintiff also asserts the ALJ failed to consider her clarifying testimony regarding not pursuing a knee replacement, and argues reliance on her activity level and ability to do some work is misplaced. These arguments regarding clarifying testimony and activity level have been addressed above and will not be discussed further in this section.

8

Plaintiff cites two Florida district court cases holding conservative treatment does not include steroid injections. *See* ECF No. 11 at 27 (citing *Hall v. Comm'r of Soc. Sec.*, No. 6:07-cv-1321-Orl-22KRS, 2008 WL 3200282, at *4 (M.D. Fla. Aug. 5, 2008) and *Samuels v. Astrue*, No. 3:08-cv-900-J-HTS, 2009 WL 1659620, *4 (M.D. Fla. June 15, 2009)). The court does note Dr. Graham's own description of Plaintiff's treatment as conservative. However, even if the ALJ erred in describing Plaintiff's course of treatment for her knee as conservative, the court finds this error to be harmless considering the amount of other evidence leading the ALJ to find Plaintiff not entirely credible, including her activity level, failure to pursue further treatment for her knee, and medical records failing to reveal significant clinical and laboratory abnormalities.

Similarly, the record appears unclear as to whether Plaintiff actually worked in 2015, or whether her recorded earnings of nearly $17,000 post-onset were attributable to short-term disability payments and an annual safety bonus. Plaintiff argues the Magistrate Judge ignored Plaintiff's "clarification that she was on the payroll does not amount to a statement that one was actively performing any duties." However, this "clarification" does not appear in the hearing testimony regarding Plaintiff's work history, where Plaintiff testified she "worked in that building from 1976 until 2015, really, yeah. I'm still on the role in 2015[4]." R. at 48. Plaintiff may be referring to a letter submitted to the ALJ by counsel (although that letter does not necessarily state

---

[4] It is unclear from the testimony whether Plaintiff meant, by "on the role," she was still actively working in 2015 or whether she was simply still on the payroll, which Plaintiff appears to argue. See ECF No. 18 (noting Plaintiff testified she was "still on the role [sic] in 2015"). Regardless, this statement seems to add to the confusion, not clarify the issue.

9

she was not actively performing any duties in 2015), which noted "[the] 2015 earnings of $1,157 were an annual safety bonus given to all plant workers which the claimant was eligible to receive because she was not officially terminated until July 2015 even though she was not working." R. at 288. Regardless, it is not necessary for those wages to have been from active work in order to render the ALJ's credibility finding reasonable. As noted by the Magistrate Judge, the ALJ cited "numerous other reasons for discounting Plaintiff's subjective complaints." This court will not reweigh the evidence at this stage of the determination. Therefore, this objection is overruled.

## **Conclusion**

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
March 15, 2018